

**CT Corporation**
Service of Process Notification
09/13/2022
CT Log Number 542300736

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | KIM LUNDY- EMAIL<br>Walmart Inc.<br>GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200<br>BENTONVILLE, AR 72712-3148 |
| **RE:** | **Process Served in Iowa** |
| **FOR:** | WALMART INC.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: HERNANDEZ BEATRIZ A. // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Original Notice, Petition, Attachment(s) |
| **COURT/AGENCY:** | Polk County - District Court, IA<br>Case # LACL153269 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 06/17/2020 - Walmart Supercenter located at 3501 8th St. S.W., Altoona, IA 50009 |
| **PROCESS SERVED ON:** | C T Corporation System, Des Moines, IA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/13/2022 at 14:07 |
| **JURISDICTION SERVED:** | Iowa |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days of service |
| **ATTORNEY(S)/SENDER(S):** | Erik A. Luthens<br>Parrish-Sams Luthens Law, P.C.<br>2910 Westown Parkway, Suite 203<br>West Des Moines, IA 50266<br>515-222-1697 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/13/2022, Expected Purge Date: 09/18/2022<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>400 East Court Avenue<br>Des Moines, IA 50309<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |
| **REMARKS:** | The documents received have been modified to reflect the name of the entity being served. |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other



**CT Corporation**
**Service of Process Notification**
09/13/2022
CT Log Number 542300736

information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| BEATRIZ A. HERNANDEZ,<br><br>　　　Plaintiff,<br><br>vs.<br><br>WALMART INC. and WAL-MART REAL ESTATE BUSINESS TRUST,<br><br>　　　Defendants. | File No. **LACL153269**<br><br><br>**ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANTS:**

You are hereby notified that there is now on file (as of **06.16.2022**) in the office of the above court a petition in the above-entitled action, a copy of which is attached. The plaintiff's attorney is:

**Erik A. Luthens**
**Parrish-Sams Luthens Law, P.C.**
**2910 Westown Parkway, Ste. 203, West Des Moines, IA 50266**
**Tel: (515) 222-1697  |  Fax: (515) 222-2655**
**Text: (515) 523-7799  |  E-mail: Erik.Luthens@PSL-Law.com**
**website: www.PSL-Law.com.**

Defendants are further notified that the above referenced county utilizes electronic filing and that you are directed to I.R.Civ.Pr. 1.302(1) as well as Iowa Court Rule Chapter 16 for general rules and information on electronic filing and in particular, Chapter 16, Division VI concerning personal information in court filings.

Unless you serve within twenty (20) days [sixty (60) days for non-Iowa based corporations and other non-Iowa based entities] of service of this notice

upon you and within a reasonable time thereafter, file a motion or answer in the Iowa District Court for Polk County at the courthouse in Des Moines, Iowa, judgment by default may be rendered against you for the relief demanded in the petition.

Polk County Clerk of Court
500 Mulberry Street
Des Moines, IA  50309

**Important:**  You are advised to seek legal advice at once to protect your interests.  **Note**: The attorney who is expected to represent you should be promptly advised of the service of this notice.  If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 515-286-3394.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

PSL \ EAL \ PL \ Original Notice \ Beatriz A. Hernandez vs. Walmart \ 06.16.2022.doc

Hernandez vs. Walmart Inc.
Polk Co. File No.

-2-

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| BEATRIZ A. HERNANDEZ, | File No. **LACL153269** |
|---|---|
| Plaintiff, | |
| vs. | **PETITION AT LAW** |
| WALMART INC. and WAL-MART REAL ESTATE BUSINESS TRUST, | **&** **JURY DEMAND** |
| Defendants. | |

**COMES NOW** the plaintiff by and through counsel Erik A. Luthens of Parrish-Sams Luthens Law, P.C. and states:

## DIVISION I.
### (Jurisdictional Allegations)

1.   At all times material hereto, plaintiff **Beatriz A. Hernandez ("Beatriz" or "plaintiff")** is a resident of Iowa.[1]

2.   At all times material hereto, defendant **Walmart Inc.** is a Delaware corporation that regularly conducts business within the state of Iowa.

3.   At all times material hereto, defendant **Wal-Mart Real Estate Business Trust** is a Delaware business trust.

4.   At all times material hereto, a store known as **"Walmart Supercenter" ("subject store")** was located at **3501 8th St. S.W., Altoona, IA 50009** in Polk County **("subject property")**.

---

[1]   Plaintiff was formerly known as "Beatriz Aida Velazquez Flores."

5. At all times material hereto, defendant **Walmart Inc.** possessed an ownership interest in the subject property and/or the subject store.

6. At all times material hereto, defendant **Wal-Mart Real Estate Business Trust** possessed an ownership interest in the subject property and/or the subject store.

7. At all times material hereto, defendant **Walmart Inc.** operated the subject store and exercised control over the subject store and its surrounding area including, but not limited to, the surrounding parking lot.

8. At all times material hereto, defendant **Wal-Mart Real Estate Business Trust** exercised control over the subject store and its surrounding area including, but not limited to, the surrounding parking lot.

9. At all times material hereto, defendant **Walmart Inc.** has committed a tort, in whole or in part, in Polk County, Iowa and against the plaintiff.

10. At all times material hereto, defendant **Wal-Mart Real Estate Business Trust** has committed a tort, in whole or in part, in Polk County, Iowa and against the plaintiff.

11. The amount of damages sought by the plaintiff is in excess of the minimal jurisdiction required by the Iowa District Court.

(Factual Allegations)

12. On or about June 17, 2020 **("subject date")** Beatriz was a patron at the subject store located on or near the subject property.

13. On the subject date, Beatriz tripped and fell due to an inappropriately placed metal barricade located on or near the subject property, resulting in serious injuries to Beatriz **("incident at issue")**.

14. At the time of the incident at issue, Beatriz was a lawful visitor of defendant **Walmart Inc.**

15. At the time of the incident at issue, Beatriz was a lawful visitor of defendant **Wal-Mart Real Estate Business Trust**

16. At the time of the incident at issue, defendant **Walmart Inc.** had a duty to keep the subject property reasonably safe for a lawful visitor such as Beatriz.

17. At the time of the incident at issue, defendant **Wal-Mart Real Estate Business Trust** had a duty to keep the subject property reasonably safe for a lawful visitor such as Beatriz.

18. At the time of the incident at issue, defendant **Walmart Inc.** failed to keep the subject property reasonably safe for a lawful visitor such as Beatriz; specifically, said defendant failed to properly erect and/or maintain a metal barricade and/or maintain the area in which the incident at issue occurred, thereby creating an unsafe condition **("subject condition")**.

19. At the time of the incident at issue, defendant **Wal-Mart Real Estate Business Trust** failed to keep the subject property reasonably safe for a lawful visitor such as Beatriz; specifically, said defendant failed to properly erect

and/or maintain a metal barricade and/or maintain the area in which the incident at issue occurred, thereby creating an unsafe condition ("subject condition").

## DIVISION II.
### (Defendant Walmart Inc.)

**COMES NOW** the plaintiff by and through counsel Erik A. Luthens of Parrish-Sams Luthens Law, P.C. and states:

1. Beatriz incorporates by reference, as though fully stated herein, each and every allegation set forth in Division I of this petition.

2. On the subject date, defendant **Walmart Inc.** was legally obligated to exercise care, custody and control over the subject property, the subject store and its surrounding area including, but not limited to, the surrounding parking lot.

3. On the subject date, defendant **Walmart Inc.** knew, or in the exercise of reasonable care, should have known of a should have known of the subject condition that existed on the subject property and that it involved an unreasonable risk of injury to a person in Beatriz's position.

4. On the subject date, defendant **Walmart Inc.** knew or in the exercise of reasonable care should have known:

    (a) that Beatriz would not discover the existence of the subject condition; or,

    (b) that Beatriz would not realize that the subject condition presented an unreasonable risk of injury; or,

(c) that Beatriz would not protect herself from the subject condition.

5. Defendant **Walmart Inc.** was negligent in one or more, but not limited to the following

(a) failing to properly erect and/or maintain a metal barricade and/or maintain the area in which the incident at issue occurred, thereby creating an unsafe condition ("subject condition");

(b) failing to warn Beatriz of subject condition.

6. One or more of defendant **Walmart Inc.'s** aforementioned acts of negligence was a proximate cause of the damages sustained by Beatriz as described hereinafter.

7. As a result of defendant **Walmart Inc.'s** negligence, Beatriz has been damaged in one or more, but not limited to, the following respects and particulars:

(a) past physical and mental pain and suffering;

(b) past loss of full mind and body;

(c) past medical, hospital and medication expenses;

(d) past loss of earnings;

(e) future physical and mental pain and suffering;

(f) future loss of full mind and body;

(g) future medical, hospital and medication expenses;

PSL \ EAL \ PL \ Pet \ Prem \ Beatriz A. Hernandez vs. Walmart \ 06.16.2022.doc

Hernandez vs. Walmart Inc.
Polk Co. File No.

-5-

    (h)    future loss of earning capacity.

8. Beatriz requests judgment against defendant **Walmart Inc.** for compensatory damages and interest on this judgment in the maximum amount allowed by law and for the costs of this action.

**WHEREFORE,** Beatriz requests judgment against defendant **Walmart Inc.** for compensatory damages and interest on this judgment in the maximum amount allowed by law and for the costs of this action.

## DIVISION III.
### (Defendant Wal-Mart Real Estate Business Trust)

**COMES NOW** the plaintiff by and through counsel Erik A. Luthens of Parrish-Sams Luthens Law, P.C. and states:

1. Beatriz incorporates by reference, as though fully stated herein, each and every allegation set forth in Division I of this petition.

2. On the subject date, defendant **Wal-Mart Real Estate Business Trust** was legally obligated to exercise care, custody and control over the subject property, the subject store and its surrounding area including, but not limited to, the surrounding parking lot.

3. On the subject date, defendant **Wal-Mart Real Estate Business Trust** knew, or in the exercise of reasonable care, should have known of a should have known of the subject condition that existed on the subject property and that it involved an unreasonable risk of injury to a person in Beatriz's position.

PSL \ EAL \ PL \ Pet \ Prem \ Beatriz A. Hernandez vs. Walmart \ 06.16.2022.doc    Hernandez vs. Walmart Inc.
Polk Co. File No.

-6-

4. On the subject date, defendant **Wal-Mart Real Estate Business Trust** knew or in the exercise of reasonable care should have known:

   (a) that Beatriz would not discover the existence of the subject condition; or,

   (b) that Beatriz would not realize that the subject condition presented an unreasonable risk of injury; or,

   (c) that Beatriz would not protect herself from the subject condition.

5. Defendant **Wal-Mart Real Estate Business Trust** was negligent in one or more, but not limited to the following

   (a) failing to properly erect and/or maintain a metal barricade and/or maintain the area in which the incident at issue occurred, thereby creating an unsafe condition ("subject condition");

   (b) failing to warn Beatriz of subject condition.

6. One or more of defendant **Wal-Mart Real Estate Business Trust's** aforementioned acts of negligence was a proximate cause of the damages sustained by Beatriz as described hereinafter.

7. As a result of defendant **Wal-Mart Real Estate Business Trust's** negligence, Beatriz has been damaged in one or more, but not limited to, the following respects and particulars:

   (a) past physical and mental pain and suffering;

PSL \ EAL \ PL \ Pet \ Prem \ Beatriz A. Hernandez vs. Walmart \ 06.16.2022.doc

Hernandez vs. Walmart Inc.
Polk Co. File No.

-7-

      (b)    past loss of full mind and body;

      (c)    past medical, hospital and medication expenses;

      (d)    past loss of earnings;

      (e)    future physical and mental pain and suffering;

      (f)    future loss of full mind and body;

      (g)    future medical, hospital and medication expenses;

      (h)    future loss of earning capacity.

8.    Beatriz requests judgment against defendant **Wal-Mart Real Estate Business Trust** for compensatory damages and interest on this judgment in the maximum amount allowed by law and for the costs of this action.

**WHEREFORE,** Beatriz requests judgment against defendant **Wal-Mart Real Estate Business Trust** for compensatory damages and interest on this judgment in the maximum amount allowed by law and for the costs of this action.

## DIVISION IV.
### (Jury Demand)

**COMES NOW** the plaintiff by and through counsel Erik A. Luthens of Parrish-Sams Luthens Law, P.C. and hereby demands a jury trial on all issues in the above-entitled action.

PSL \ EAL \ PL \ Pet \ Prem \ Beatriz A. Hernandez vs. Walmart \ 06.16.2022.doc      Hernandez vs. Walmart Inc.
Polk Co. File No.

-8-

PARRISH-SAMS LUTHENS LAW, P.C.

by */s/ Erik A. Luthens*

Erik A. Luthens     AT0004818
2910 Westown Pkwy, Suite 203
West Des Moines, IA 50266
Tel: (515) 222-1697
Fax: (515) 222-2655
Text: (515) 523-7799
E-M: Erik.Luthens@PSL-Law.com
Web: www.PSL-Law.com

**ATTORNEY FOR PLAINTIFF**

PSL \ EAL \ PL \ Pet \ Prem \ Beatriz A. Hernandez vs. Walmart \ 06.16.2022.doc

Hernandez vs. Walmart Inc.
Polk Co. File No.

-9-

# Iowa Judicial Branch

| | |
|---|---|
| Case No. | **LACL153269** |
| County | **Polk** |

Case Title    **BEATRIZ A HERNANDEZ VS WALMART INC ET AL**

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394**. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

Date Issued **06/21/2022 01:22:43 PM**



District Clerk of Court or/by Clerk's Designee of Polk      County
**/s/ Debra Lopez**